IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BHAWANI P. SINGH,                                    Civil No. 06-64-AA

       Plaintiff,                                 OPINION AND ORDER

  vs.

CINDY TONG,

       Defendant.
_____

Bhawani P. Singh
P.O. Box 8008
Hicksville, NY 11802
    Pro se plaintiff

David A. Ernst
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Ave.
Portland, OR 97204-2089
    Attorney for defendant

AIKEN, Judge:

    Plaintiff Bhawani Singh, appearing *pro se*, brought this action against defendant Cindy Tong seeking damages for allegedly

1-OPINION AND ORDER

defamatory statements made while the parties were students at Lewis and Clark Law School (Law School) that resulted in plaintiff's suspension and withdrawal. Plaintiff moves for injunctive relief and seeks an order requiring the Law School to revoke his suspension and all associated consequences. Defendant moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted, and alternatively, pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. Plaintiff's motion for injunctive relief is denied. Defendant's motion to dismiss is granted.

## BACKGROUND

Taking all of the allegations as true, plaintiff's complaint alleges the following facts.

Plaintiff and defendant were students at the Law School during the 2004-05 academic year. See Compl. ¶¶ 3, 6. In May 2005, defendant sent an email accusing plaintiff of "stealing [defendant's] legal writing paper from a law school printer." Id. ¶ 10. Defendant later verbally stated the same accusation to her legal writing professor and members of the Law School Honor Code Committee. Id. Plaintiff alleges that defendant's accusation was made "with the intent to wrongfully and maliciously injure" plaintiff and that defendant knew it was false. Id. ¶¶ 11, 12.

The Law School accused plaintiff of plagiarism for stealing

plaintiff's paper and suspended him. Id. ¶ 7. Plaintiff denied all accusations and disputed the evidence and processes used by the Law School to resolve the issue. Id. at ¶ 8. Ultimately, plaintiff and the Law School reached a settlement, agreeing to the terms of plaintiff's withdrawal from the Law School and allowing him to reapply for admission at a later time. See id. ¶ 9.

On December 12, 2005, plaintiff filed this action in the Eastern District of New York, and the case was transferred to the District of Oregon pursuant to 28 U.S.C. § 1406(a). On April 3, 2006, plaintiff filed a motion for injunctive relief against the Law School.

On June 12, 2006, plaintiff posted a copy of the Summons and Complaint on the door at an address listed as plaintiff's residence for the 2005-06 academic year. On June 15, 206, plaintiff also mailed copies to the same address. On August 1, 2006, defendant filed her motion to dismiss.

## DISCUSSION

A. Motion to Dismiss

1. Service

Defendant argues insufficient service of process both in opposition to plaintiff's motion for injunctive relief and in support of her motion to dismiss. Federal Rule of Civil Procedure 4(e) provides that individuals may be served either by delivering a copy of the summons and complaint to them personally or pursuant

3-OPINION AND ORDER

to the law of the state in which the district court is located. See Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994) (FRCP 4(d) "is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint").

Under Oregon Rule of Civil Procedure 7D(1), "Summons shall be served . . . in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Further, Oregon Rule of Civil Procedure 7G states, "Failure to comply with the provisions of this rule . . . shall not affect the validity of service of summons or the existence of jurisdiction over the person if the court determines that the defendant received actual notice of the substance and pendency of the action."

It is undisputed that defendant received actual notice of the action and the allegations in plaintiff's complaint. Further, I find that defendant has had sufficient notice to file responsive pleadings and has not been prejudiced by any concomitant delay. Therefore, I do not find dismissal appropriate based on improper service, particularly in light of plaintiff's *pro se* status.

2. Failure to State a Claim

Defendant also seeks dismissal for failure to state a claim for which relief may be granted. Under Rule 12(b)(6), dismissal

4-OPINION AND ORDER

for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of a claim that would entitle the plaintiff to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

Defendant argues that any allegedly defamatory statements were made incident to, and in the course of, a quasi-judicial proceeding of the Law School's Honor Code Committee. Accordingly, defendant maintains that her statements are absolutely privileged and cannot serve as the basis for plaintiff's defamation claims. "When defamatory matter is absolutely privileged no cause of action exists even though the defamatory matter is uttered maliciously, as well as falsely." Grubb v. Johnson, 205 Or. 624, 631, 289 P.2d 1067 (1955). This absolute privilege attaches to statements made in judicial proceedings and quasi-judicial proceedings. Ramstead v. Morgan, 219 Or. 383, 388, 347 P.2d 594 (1959). Therefore, if the Law School's Honor Code Committee was acting in a judicial or quasi-judicial capacity, plaintiff has failed to state a claim for which relief may be granted, because defendant's alleged defamatory statements are absolutely privileged.

"A judicial or quasi-judicial function is one that involves or requires an adjudicatory process. A typical adjudicatory process

5-OPINION AND ORDER

results in a decision, applies pre-existing criteria to concrete facts and is directed at a closely circumscribed factual situation or a relatively small number of persons." Strawberry Hill 4 Wheelers v. Benton Co. Bd. of Comm., 287 Or. 591, 602-03, 601 P.2d 769 (1979). Additionally, a proceeding "may be regarded as quasi-judicial in character in spite of the fact that the body before whom the proceeding [is] conducted is not [a] creature of the legislature. Ramstead, 219 Or. at 388, 347 P.2d 594 (citations omitted).

In Tate v. North Pacific College, 70 Or. 160, 161-62, 14 P. 743 (1914), the defendant college was a private dental school having "the power to make rules and regulations for the government of its students," including graduation requirements of age, "good moral character," and necessary course of study. In finding that the college faculty had not acted arbitrarily by refusing to award Tate a degree, the Oregon Supreme Court determined that "[t]he faculties of colleges, who are authorized to examine their students and pass on the question whether the students have performed all the conditions prescribed, to entitle them to degrees, exercise quasi judicial functions." Id. at 167, 14 P. 743.

Similarly, in Ramstead, the Court held that boards, commissions, and other administrative bodies "having the power to grant and revoke licenses" are of a quasi-judicial character, including the State Bar's grievance committee. 219 Or. at 389-90,

6-OPINION AND ORDER

396, 347 P.2d 594. There, the defendant claimed a letter to the county grievance committee of the State Bar accusing the plaintiff of unethical conduct was absolutely privileged. Id. at 386, 347 P.2d 594. Although the letter did not result in a formal hearing, the Court affirmed the trial court's dismissal, holding that "relevant statements made in a complaint designed to initiate such quasi-judicial action should also be protected." Id. at 396, 347 P.2d 594.

I find that the Law School Honor Code Committee was acting as a quasi-judicial body. In reviewing defendant's accusations, the Law School Honor Committee was exercising its role in evaluating the conduct and credentialing of its students, much like the dental faculty in Tate and the State Bar in Ramstead. Thus, as defined in Strawberry Hill 4 Wheelers, the Law School was exercising quasi-judicial authority by applying the pre-existing criteria of the Honor Code to the specific facts of the circumstances before it. 287 Or. at 602-03, 601 P.2d 769.

Accordingly, I find that defendant's statements made to the Law School Honor code Committee for the purpose of initiating a claim and in furtherance of that process are absolutely privileged. Therefore, plaintiff fails to state a claim for which relief may be granted, and defendant's motion to dismiss is granted.

B. Motion for Injunctive Relief

Finally, plaintiff seeks injunctive relief against the Law

7-OPINION AND ORDER

School. "No preliminary injunction may issue without notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Here, the Law School is not a defendant in this case and has had no notice of the injunction sought. Therefore, the motion may be denied on this ground alone.

Moreover, a party seeking a preliminary injunction has the burden to show "either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor." A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) (citing Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 875 (9th Cir. 2000) (en banc)). I find that plaintiff has failed to demonstrate likely success on the merits of the case, as defendant's statements are privileged. Further, plaintiff has not demonstrated that irreparable harm is likely to result absent the requested injunction, as he has already withdrawn from the Law School and signed a release of all claims against the Law School as part of their settlement agreement.[1] Plaintiff's motion for injunctive relief is denied.

---

[1] Defendant's inclusion of the General Release and Settlement Agreement (doc. 21, Ex. B) does not convert her motion to dismiss to one for summary judgment. Although motions to dismiss are generally considered on the basis of pleadings alone, the Agreement is properly included under the incorporation by reference doctrine, as the complaint references the agreement at ¶ 9. Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002).

8-OPINION AND ORDER

CONCLUSION

Plaintiff's Motion for Injunctive Relief (doc. 6) is DENIED, and defendant's Motion to Dismiss (doc. 19) is GRANTED. Defendant's request for oral argument is denied as unnecessary. This case is dismissed. IT IS SO ORDERED.

Dated this 25 day of October, 2006.

/s/ Ann Aiken
Ann Aiken
United States District Court Judge

9-OPINION AND ORDER